SOLOMON FEUCHTBAUM, PROSECUTOR, v. MAYOR AND TOWNSHIP COMMITTEE OF THE TOWNSHIP OF WODBRIDGE AND CEDAR GROVE CEMETERY ASSOCIATION, RESPONDENTS.

Argued May 1, 1934—Decided June 11, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutor, *John A. Matthews.*

For the respondent Cedar Grove Cemetery Association, *John E. Toolan.*

PER CURIAM.

This is an application for a writ of *certiorari* to review an ordinance adopted by the township committee of the township of Woodbridge, granting permission to the Cedar Grove Cemetery Association to locate and place a cemetery within the boundaries of the township. This is the fifth application for a *certiorari*. The prior applications were made to a justice of the Supreme Court, and were all denied.

The single point advanced by prosecutor is that more than five cemeteries are now located within the township, and the ordinance therefore is in violation of section 2 of chapter 20 of the laws of 1929 (*Pamph. L.* 1929, *p.* 41), providing that "no more than five cemeteries shall be located or placed under and by virtue of said act to which this is a supplement, in any one city, township, borough or town in any county of this state." It is further provided that where the capacity of an existing cemetery is exhausted, so that no further plots can be purchased, an additional cemetery may be created or placed

at not less than three miles from any other existing cemetery in said township, and that not more than three per centum of the area of any municipality shall be devoted to cemetery purposes. As was apparently the case with the earlier applications, petitioner fails to prove a state of facts that would deprive the municipality of the authority to grant the permit. Petitioner merely avers that he "contended" before Mr. Justice Case that "there was already located and placed within the boundaries of the township of Woodbridge twenty-three cemeteries, more than five of which were cemetery associations organized" under the act in question. Petitioner's affidavit is in the same language, and there is no other proof on this vital question. Obviously, this falls far short of proof of the existence of a situation which, under the statute, deprives the municipal governing body of jurisdiction.

The application will therefore be denied, with costs.